# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW WILLIAMS,<br><br>　　　　　　Petitioner,<br>　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:19-cv-00575-MMD-CLB<br><br>ORDER |

The Court notes at the outset that no courtesy copies—except as specified at the conclusion of this order—are required in this case at this time.

Petitioner Matthew Williams has filed a 28 U.S.C. § 2254 habeas corpus petition and has now paid the filing fee. (*See* ECF Nos. 1-1, 8.) The Court has reviewed the Petition, pursuant to Habeas Rule 4, and orders the Petition to be served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which Petitioner is aware. If Petitioner fails to include such a claim in his Petition, he may be forever barred from seeking federal habeas relief upon that claim. See 28 U.S.C. §2254(b) (successive petitions). If Petitioner is aware of any claim not included in his Petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his Petition to add the claim.

Petitioner has also filed an ex parte motion for appointment of counsel. (ECF No. 4.) There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the

petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Here, the Petition presents the issues that Petitioner wishes to raise in a reasonably clear manner, and the legal issues do not appear to be particularly complex. Therefore, counsel is not justified. Petitioner's motion is denied.

It is therefore ordered that the Clerk detach, file and electronically serve the Petition (ECF No. 1-1) on the Respondents.

It is further ordered that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 4) is denied.

It is further ordered that Respondents file a response to the Petition, including potentially by motion to dismiss, within 90 days of service of the Petition, with any requests for relief by Petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatim fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including

exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner shall have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.

It is further ordered that, at this time, the parties shall send courtesy copies of any responsive pleading or motion and all indices of exhibits only to the Reno Division of this court. Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED THIS 6th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE