UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW WILLIAMS,<br><br>　　　　　　　Petitioner,<br>　　v.<br>ISIDRO BACA, *et al.*,<br>　　　　　　　Respondents. | Case No. 3:19-cv-00575-MMD-CLB<br><br>ORDER |

This is Petitioner Matthew Williams' *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court are Petitioner's motion for appointment of counsel (ECF No. 28) and Respondents' motion to dismiss certain grounds in the petition as unexhausted ("Motion") (ECF No. 68).[1] The Court denies Williams' motion for appointment of counsel and grants Respondents' Motion.

**I.     Motion for Appointment of Counsel**

The Court turns first to Williams' third motion for appointment of counsel. (ECF No. 28.) As the Court has previously explained, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Previously, the Court determined that Williams' petition—

---

[1] Williams opposed the Motion (ECF No. 33), and Respondents replied (ECF No. 34).

together with the supplement to the petition—presents the issues that he wishes to raise in a reasonably clear manner, and the legal issues do not appear to be particularly complex. His third motion for counsel is on the Court's form, with no further elaboration. He presents no new or compelling reason why counsel is justified. Williams' motion is, therefore, denied.

## II.     Procedural History & Background

In May 2016, a jury convicted Williams of eluding a police officer. (Exh. 48.)[2] The state district court adjudicated him a habitual criminal and sentenced him to a term of 5 to 20 years. (Exh. 60.) Judgment of conviction was entered on August 10, 2016. (Exh. 59.)

Williams appealed, and the Nevada Court of Appeals affirmed his conviction and sentence on November 14, 2017. (Exh. 96.) The Nevada Court of Appeals affirmed the denial of Williams' state postconviction habeas corpus petition on September 10, 2019. (Exh. 149.)

Williams dispatched this federal petition for writ of habeas corpus in September 2019. (ECF No. 10.) He filed what the Court deemed as a supplement February 2020. (ECF No. 12 at 2-10.)

Respondents now move to dismiss the petition as a mixed petition because they argue that three grounds are unexhausted. (ECF No. 21.)

## III.    Legal Standard: Exhaustion

State prisoners seeking federal habeas relief must comply with the exhaustion rule codified in § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) The applicant has exhausted the remedies available in the court so the State; or

---

[2] Exhibits referenced in this Order are exhibits to Respondents' Motion

2

>   (B) (i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### IV.     Instant Petition

Respondents argue that grounds 4, 5 and 7 are unexhausted. (ECF No. 21.)

**a.  Grounds 4 and 5**

In ground 4, Williams contends that the prosecutor engaged in misconduct when she failed to call Williams to testify before the grand jury despite being notified by court personnel that Williams was present in the downstairs lobby in violation of his constitutional rights. (ECF No. 12, at 2-3.) In ground 5, Williams asserts a claim of prosecutorial misconduct for failure to produce the testimony of a deputy district attorney who allegedly represented that he would not prosecute the case as a felony. (*Id.* at 3-6.)

Williams did not present federal grounds 4 or 5 on direct appeal. Exhs. 89, 93, 96. Thus, these two grounds are unexhausted.

**b.  Ground 7**

Williams argues that his appellate counsel was ineffective for failing to raise on appeal the claim that a deputy district attorney represented that he would not prosecute the case as a felony. (ECF No. 12 at 9-10.) Respondents are correct that Williams did not present this claim to the highest state court. Exhs. 147, 149. Accordingly, ground 7 is unexhausted.

///

4

### V. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the Court concludes that grounds 4, 5, and 7 are unexhausted. Because the Court finds that the petition contains unexhausted claims, Willams has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

1  If Williams wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Williams to reply. Or Williams may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Williams' failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Williams is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## VI. Conclusion

It is therefore ordered that Respondents' motion to dismiss (ECF No. 21) is granted as follows: Grounds 4, 5 and 7 are unexhausted.

It is further ordered that Williams has 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; or (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if Williams fails to respond to this Order within the time permitted, this case may be dismissed.

It is further ordered that if Williams elects to abandon his unexhausted grounds, Respondents have 30 days from the date Williams serves his declaration of abandonment

in which to file an answer to Williams' remaining grounds for relief. The answer should contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Williams will have 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that Williams' motion for appointment of counsel (ECF No. 28) is denied.

It is further ordered that Williams' motion for extension of time to file an opposition to the motion to dismiss (ECF No. 27) is granted nunc pro tunc.

It is further ordered that Respondents' motion to strike (ECF No. 31) is denied as moot.

DATED THIS 15th Day of April 2021.

_____
MIRANDA DU, CHIEF JUDGE
UNITED STATES DISTRICT COURT